IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JO ANN COLEY                                                                                      PLAINTIFF

vs.                                                                          CIVIL ACTION NO. 2:12CV91-SAA

COMMISSIONER OF SOCIAL SECURITY                                                      DEFENDANT

### MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Jo Ann Coley for a period of disability (POD) and disability insurance benefits (DIB) under Section 216(I) and 223 of the Social Security Act and for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff applied for POD, DIB and SSI on November 24, 2009 alleging that she became disabled on January 1, 2006. Docket 8, p. 69-74, 127. The plaintiff's claim was denied initially and on reconsideration. *Id.* at 51-66. Plaintiff timely requested a hearing, which was held on December 22, 2013. *Id.* at 50, 295-316. The ALJ issued an unfavorable decision on February 24, 2011. *Id.* at 15-22. Plaintiff requested and was denied review by the Appeals Council via letter dated April 20, 2012. *Id.* at 6-10. The plaintiff timely filed the instant appeal from the Commissioner's most recent decision, and it is now ripe for review. Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

### I. FACTS

The plaintiff was born on February 22, 1970, and was forty years old at the time of the hearing. Docket 8, p. 299. She completed the twelfth grade and received a diploma. *Id.* Her

past relevant work was as an assembly line worker and a cook. *Id.* at 128, 133.  She contends that she became disabled on January 1, 2006 as a result of lung disease, leg problems, high blood pressure and eye problems. *Id.* at 69-74, 127.

The ALJ determined that the plaintiff's sarcoidosis was a "severe" impairment. (Docket 8, p. 17) but that her remaining alleged impairments were non-severe. *Id.* at 17-19.  Despite finding that plaintiff's sarcoidosis was a severe impairment, he concluded that it did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1, (20 CFR 416.920(d), 416.925 and 416.926). *Id.* at 17.  The ALJ determined that the plaintiff retains the Residual Functional Capacity (RFC) to

> perform sedentary work as defined in 20 CFR 416.967(a) except she would be seated throughout the day.  She could stand for up to two hours.  She requires an air conditioned environment.  She has a 10 pound lifting limitation.

*Id.* at 19.  In light of testimony by a vocational expert [VE] at the hearing, the ALJ found plaintiff capable of performing jobs that exist in significant numbers in the national economy, specifically a surveillance system monitor and a ticket seller. *Id.* at 21-22.  Therefore, the ALJ found plaintiff not disabled under the Social Security Act. *Id.*

Plaintiff claims the ALJ erred because he misinterpreted the opinions of her treating physician, improperly weighed the testimony of a witness and ignored the medical source statement of her treating optometrist.

## II.  STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step

2

sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c)(2010).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999); citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir.

---

[8]*Muse*, 925 F.2d at 789.

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

**A. Whether the ALJ properly considered the opinions of plaintiff's treating physician.**

Plaintiff contends that the ALJ misinterpreted the opinion of treating physician Dr. Ratnakant because the ALJ relied on the doctor's completely negative objective findings and did not mention two references to further tests [Docket # 294] the doctor suggested might explain plaintiff's otherwise unexplained subjective complaints. The Commissioner responds, and the court agrees, that the ALJ properly weighed Dr. Ratnakant's opinion. Clearly the ALJ considered all of the medical opinions in assessing plaintiff's RFC, and nothing in Dr. Ratnakant's records indicates a need for a more restrictive RFC than that established by the ALJ.

The Fifth Circuit has held that "plaintiff is required to establish that she suffered from a[n] impairment of disabling severity. The mere presence of some impairment is not disabling per se. Plaintiff must show that she was so functionally impaired by her [impairment] that she was precluded from engaging in any substantial gainful activity." *Hames v. Heckler*, 707 F.2d 162, 165 (5th 1983). There is no indication in Dr. Ratnakant's records that plaintiff had any complaint for which he was requesting additional testing, nor did he conclude that plaintiff had any condition that was so severe that plaintiff is precluded from engaging in any substantial gainful activity. In fact, the opposite appears to be true. Based upon a thorough review of Dr. Ratnakant's records, as well as the remaining record evidence, there is no impairment severe enough to prevent plaintiff from engaging in any substantial gainful activity. Therefore, plaintiff's assertion that the ALJ misinterpreted the doctor's opinions is without merit.

5

### B. Whether the ALJ properly weighed the credibility of plaintiff's witness.

Plaintiff asserts that the ALJ improperly discounted the credibility of plaintiff's lifelong friend, Jessie Ward, who sees plaintiff at least once or twice a week. Docket 11, p. 9. According to plaintiff, Ward's testimony should have been credited because it was consistent with plaintiff's. However, the ALJ gave "little weight to [Ward's] testimony . . . because it is simply not consistent with the preponderance of the opinions and observations by medical doctors. SSR 06-3p." Docket 8, p. 20. The court concludes that the ALJ properly exercised his discretion on this issue.

The Fifth Circuit has routinely given great deference to an ALJ's credibility determination. *Spruill v. Astrue*, 299 Fed.Appx. 356, 358 (5th Cir. 2008); *Falco v. Shalala*, 27 F.3d 160, 163-64 (5th Cir. 1994) (credibility conclusions are "precisely the kinds of determinations that the ALJ is best positioned to make"). Further, both Social Security Regulation 83-20 and other courts have held that "lay statements concerning the claimant's activities and the work record should be consistent with a physician's assessment." *Wilkinson v. Astrue*, 2010 WL 2522342, *6 (S.D. Tex. June 17, 2010). A review of the entire record, and particularly the medical evidence of record, indicates that the ALJ properly assessed Ms. Ward's testimony. No physician, treating or otherwise, assessed plaintiff with limitations as restrictive as the limitations and impairments Ward said plaintiff suffers. Therefore, this claim of error is without merit.

### C. Whether the ALJ erred by not giving proper weight to Dr. Scott's opinions.

Plaintiff contends on appeal that the ALJ's failure to afford provide any evaluation whatsoever of Dr. Scott's Medical Source Statement [MSS] caused the ALJ to improperly

question the VE and ultimately reach an RFC finding that is not supported by substantial evidence. Docket 11, p. 11-14. In essence, plaintiff alleges that her vision problem should have been considered a severe impairment which would have resulted in further limitations to her RFC. *Id.* Dr. Scott has been plaintiff's treating optometrist for a year. Docket 8, p. 291. The ALJ mentioned neither Dr. Scott's MSS nor the fact that he had treated plaintiff. Instead, he gave some weight to a report by Dr. Glenn James, a non-examining consulting physician who concluded in a one page Medical Consultant Review that "claimant's vision impairment with sarcoid was a non-severe impairment." Docket 8, p. 17, 270. There is no indication that Dr. James had plaintiff's entire medical record to review, and he obviously did not have the benefit of Dr. Scott's MSS, which was not submitted until the hearing. The only other reference to plaintiff's vision by the ALJ was one sentence referring to Dr. Jim Adams's consultative examination that "Dr. Adams determined her vision measured 20/50 in both eyes without glasses." Docket 8, p. 18. Dr. Adams, a family practitioner, noted in his report that he "thought there might be some edema around the maculae, no abnormal pigmentation, but [he] would have to defer to an ophthalmologist with dilation of the pupils." Docket 8, p. 289. The ALJ gave the Adams opinion significant weight, but did not mention the MSS from Scott, the only optometrist or ophthalmologist that had provided any opinion relating to plaintiff's vision impairment.

The Commissioner concedes the absence of any indication that the ALJ had reviewed the MSS, but asserts this failure was harmless error. Instead, the Commissioner posits that even if the ALJ had considered Dr. Scott's MSS, there is nothing in it to support a claim that plaintiff has a severe impairment due to vision issues. Docket 13, p. 15. The MSS states only that Dr. Scott "suspects" plaintiff has glaucoma, and this "suspicion" is founded in a family history of the

7

condition – not an objective test to determine whether glaucoma is present at all. The doctor does not suggest any other vision impairment. Plaintiff does not address the harmless error argument.

The Fifth Circuit has routinely applied the "harmless error" rule to affirm an ALJ's opinion that contained such an error. *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003). The court finds that there is sufficient medical evidence supporting the ALJ's finding that plaintiff does not have a severe vision impairment and no credible evidence that she does. Dr. Glenn James submitted a Medical Consultant Review after his examination of plaintiff and indicated that her vision is a non-severe impairment, and she had a normal examination. Docket 8, p. 270. Plaintiff admitted on a disability form dated December 17, 2009, that her vision is corrected if she wears glasses. *Id.* at 101. Additionally, plaintiff testified at the hearing that she is able to drive twice a week. *Id.* at 308. The medical evidence of record combined with plaintiff's own statements confirms the ALJ's opinion that plaintiff's vision impairment is non-severe. The undersigned concludes that the ALJ's decision was supported by substantial evidence, and plaintiff's assertion to the contrary is without merit.

## IV. CONCLUSION

After diligent review, the court holds that the ALJ's decision was supported by substantial evidence and must be affirmed. A final judgment in accordance with this memorandum opinion will issue this day.

Respectfully submitted, this the 5th day of January, 2013.

    /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE